IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE MIAMI TRIBE OF OKLAHOMA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-cv-00939L<br>Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT MOTION FOR**
**TEMPORARY STAY OF LITIGATION**
**AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court issue a temporary stay of the litigation of this case, effective immediately, to and including February 27, 2008. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Doc. 1. Additionally, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the Western District of Oklahoma, Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-JHP-SAJ (N.D. Okla.), on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust funds management responsibilities allegedly owed by Defendant to Plaintiff.

2. Under RCFC 12, the deadline for Defendant to file its Answer or otherwise respond to the Complaint in this case is currently February 27, 2007.

3. On February 17, 2007, Plaintiff's counsel, Kennis Bellmard, conferred with Defendant's counsel, Anthony P. Hoang, about Plaintiff's two cases, and, among other things, they discussed and agreed that (a) they would explore settlement discussions to resolve the issues and claims asserted by Plaintiff in its two cases; (b) undertake several activities, including informal

requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) seek a temporary stay of litigation, to and including February 27, 2008. Counsel for the parties agreed that, through the requested stay, they would confer, among other things, about developing and implementing a joint, cooperative process or framework for obtaining relevant or potentially relevant documents and data and for exploring the possibility of settling this case, as well as the companion case, Miami Tribe, No. 06-cv-00698-JHP-SAJ.

4. Counsel for the parties also discussed the fact that, by Defendant's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court,[1/] in the United States District Court for the District of Columbia,[2/] and in the United States District Courts in Oklahoma.[3/] See Exhibit (Exh.) 1.

5. Of those 103 cases, Plaintiff's counsel and his law firm have brought the following cases, on behalf of six Tribes, before this Court: Kaw Nation of Oklahoma v. United States, No. 06-cv-00934-FMA; Miami Tribe of Oklahoma v. United States, No. 06-cv-00939-LSM; Otoe-Missouria Tribe of Indians v. United States, No. 06-cv-00937-LAS; Pawnee Nation of Oklahoma v. United States, No. 07-cv-00002-SGB; Seminole Nation of Oklahoma v. United States, No. 06-cv-00935-GWM; and Tonkawa Tribe of Indians v. United States, No. 06-cv-00938-BAF (Fed. Cl.).

---

1/ There are currently 57 Tribal trust cases, including this one, in the Court of Federal Claims. See Exhibit (Exh.) 1.

2/ There are currently 37 Tribal trust cases the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id.

3/ There are currently nine Tribal trust cases, including Plaintiff's companion case, in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits (like Plaintiff) have also filed companion cases in the Court of Federal Claims. Id.

Id. In addition, Plaintiff's counsel and his law firm have brought the following companion cases for declaratory and injunctive relief, on behalf of five Tribes, in various United States District Courts of Oklahoma: Kaw Nation v. Kempthorne, No. 06-cv-01437-W (W.D. Okla.); Miami Tribe of Oklahoma v. Kempthorne, No. 06-cv-00698-CVE-SAJ (N.D. Okla.); Otoe-Missouria Tribe of Indians v. Kempthorne, No. 06-cv-01436-C (W.D. Okla.); Seminole Nation of Oklahoma v. Kempthorne, No. 06-cv-00556-SPS (E.D. Okla.); and Tonkawa Tribe of Indians v. Kempthorne, No. 06-cv-01435-F (W.D. Okla.). Id.

6. Counsel for the parties agreed that, given the number of cases and the significant potential for overburdening already limited resources, it would be sensible for the Tribes in litigation (including Plaintiff) and Defendant to work together to formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible.

7. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the Interior Department and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff in this case and in its companion case, Miami Tribe, No. 06-cv-00698-JHP-SAJ, and with counsel for the Tribes in the cases (including Plaintiff's counsel), to determine the feasibility of developing a joint, cooperative approach for resolving the Tribes' issues and claims as an alternative to litigation.

8. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Temporarily stay the litigation of this case, to and including February 27, 2008;

b. Make the temporary stay effective immediately, thus deferring, among other things, the time and obligation for Plaintiff to amend its Complaint as of right, if Plaintiff so chooses, and for Defendant to file its Answer or otherwise respond to the Complaint (or Amended Complaint, if any), until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before February 27, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case (if any) and of Plaintiff's companion case, Miami Tribe, No. 06-cv-00698-JHP-SAJ, and making a proposal to the Court about whether and how to proceed with this case;

d. Provide that either party may seek to terminate the temporary stay and reinstate the litigation, at any time between the date of the entry of the Court's order and February 27, 2008, by providing 30 days' advance written notice to the other party and then filing a motion with the Court, both of which will set forth the grounds for the request to terminate the temporary stay and reinstate the litigation; and

e. Direct that, within 15 days of the Court's order terminating the stay and reinstating the litigation, or as part of the joint status report filed on or before February 27, 2008, the parties submit their proposal regarding the deadlines for such items as the amendment by Plaintiff of its Complaint, if any; the filing by Defendant of its Answer or response to the Complaint (or Amended Complaint, if any); and the filing of the parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, ¶ 4.

9. On the one hand, the granting of this joint motion would serve the public interest by

promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and with the Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other Tribes in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 23rd day of February, 2007,

*s/ Martin J. LaLonde*
for Timothy M. Larason
TIMOTHY M. LARASON
Andrews Davis, P.C.
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK
Tel: (405) 272-9241
Fax: (405) 235-8786

Attorney of Record for Plaintiff

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

CANDACE N. BECK
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227