IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MIAMI TRIBE OF OKLAHOMA,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>No. 06-CV-939-L<br>[Judge Emily C. Hewitt] |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**
**AND BRIEF IN SUPPORT**

On March 7, 2007, this Court ordered the plaintiff, Miami Tribe of Oklahoma (herein "Tribe"), to show cause why the Court should not dismiss the pending claim pursuant to 28 U.S.C. § 1500 (herein "Section 1500"). The Tribe respectfully requests that the Court not dismiss the Tribe's claim for the following reasons:

1. The claims brought by the Tribe in the Court of the Federal Claims are not the same claims sued upon in the District Court.

2. In the District Court, the Tribe asserts jurisdiction under 28 U.S.C. §§ 1331, 1336, 1361 and 5 U.S.C. § 706. In the Court of Federal Claims, the Tribe asserts jurisdiction under 28 U.S.C. §§ 1491 and 1505.

3. In the District Court, the Tribe asserts two claims not asserted in the Court of Federal Claims against the Secretary of the Interior, Special Trustee Office of Special Trustee for American Indians, and Secretary of the Treasury (herein "the Officers") of the United States concerning the tribal trust fund accounting required to be provided to the Tribe. In the Court of Federal Claims, the Tribe asserts four claims against the United States for its breach of fiduciary duties to the Tribe as trustee.

4. In the District Court, the Tribe requests injunctive relief to obtain the accounting which the Officers as trustees have failed to provide to the Tribe. In the Court of Federal Claims, the Tribe requests monetary relief and damages incurred as a result of the Officers' breaches of fiduciary duties to the Tribe.

5. The Complaint in the District Court does not address the Officers' breaches of fiduciary duties by the United States. Pursuant to 28 U.S.C. § 1361, the Tribe seeks only an injunction and order compelling the United States to provide the accounting of the Tribe's tribal trust funds. The Complaint in the Court of Federal Claims does not address the accounting of the tribal trust funds. The Tribe seeks only monetary damages resulting from the United States breaches of its fiduciary duties as trustee of the Tribe's tribal trust funds.

## BRIEF IN SUPPORT

6. Section 1500 does not divest the Court of Federal Claims of jurisdiction over the claims pending within the Court as the Tribe raises distinctly different claims in the case pending before the District Court. Section 1500 only divests the Court of Federal Claims of jurisdiction (1) if the same claim is pending in another court at the time the Complaint is filed in the Claims Court; (2) if the same claim is filed in another court after the Complaint is filed in the Claims Court; or (3) if the same claim has been finally disposed of by another court before the Complaint is filed in the Claims Court. Ordinary rules of *res judicata* and available defenses apply. *UNR Industries, Inc., et al v. U.S.*, 962 F.2d 1013, 1021 (Fed Cir. 1992).

7. Congress enacted the predecessor to Section 1500 in 1868 to prevent "cotton claimants" bringing claims under the Captured and Abandoned Property Act of

1863 from suing in both state or federal District Courts and the Court of Claims. *UNR*, 962 F.2d at 1017. This initial statute has survived multiple amendments, ending with the most recent in 1992. While employment claims and government contract claims create the bulk of suits to which this statute is applied, the legislative history and cases indicate that Section 1500 is applicable to any legal theory within the jurisdictional confines of the Court of the Federal Claims. *See e.g. Johns-Manville Corp. v. U.S.*, 855 F.2d 1556, 1566 (Fed Cir. 1988); *Loveladies Harbor, Inc. v. U.S.*, 27 F.3d 1545 (Fed. Cir. 1994) (herein "*Loveladies*"); *Harbuck v. U.S.*, 378 F.3d 1324 (Fed. Cir. 2004); and *Hardwick Bros. Co. II v. U.S.*, 72 F.3d 883 (Fed. Cir. 1995).

8. Employment and government contract claims do not require the claimant to obtain pertinent documentation from the United States prior to the continuation of the suit. The trustee relationship between the United States and federally recognized Indian Tribes is based on treaties, the Constitution and a still-evolving body of case law that took root shortly after the founding of the Nation. As a result, the United States is responsible for managing, investing, and maintaining tribal funds as trustee for the Tribes. The Tribe must first obtain an accounting from the United States in order to determine the extent of the breach of fiduciary duty by the United States as trustee.

9. The claims brought by the Tribe in the District Court and Court of Federal Claims are not the same claims. The Tribe first requires the equitable relief from the District Court to obtain the requisite accountings that will form the basis for any award of damages by the Court of Federal Claims, and, second seeks monetary relief for the breaches of fiduciary duties. The claims are not grounded in employment or a government contract; instead the Tribe's claims arise from breaches of fiduciary duties

owed by the United States to the Tribe. These types of claims, regardless of the legal theory, are permitted to be brought under Section 1500 pursuant to 28 U.S.C. §§ 1491 and 1505.

10. To determine whether Section 1500 applies, the Court must first examine whether the plaintiff had "pending in any other court any suit or process against the United States" when filing in the Court of Federal Claims. *Breneman v. U.S.*, 57 Fed. Cl. 571, 575 (Fed. Cl. 2003). The Court must next examine whether a plaintiff asserted the "same claims" in the Court of Federal Claims and the District Court. *Id.*

11. To decide whether the claims are the same or different requires a comparison between the "claims" raised in each court. *Keene Corp. v. U.S.*, 508 U.S. 200, 210 (1993) (herein "*Keene Corp.*"). As this Court noted in *Loveladies*, Section 1500 does not define "claims." *Loveladies*, 27 F.3d at 1549. Instead the United States Supreme Court and the United States Court of Appeals, Federal Circuit, utilize the legislative history, the intent, and the meaning of Section 1500 to reach such a definition. *See, Keene*, 508 U.S. at 206-208; *UNR*, 962 F.2d at 1017-1018; and *Loveladies*, 27 F.3d at 1549-1550. Claims must be viewed as related to the nature of the relief sought. *Loveladies*, 27 F.3d at 1549. When a party brings two claims in which a different type of relief is sought in the District Court (equitable) from the relief sought in the Court of Claims (monetary), the claims are distinctly different. *Id.* (citing *Johns-Manville*, 855 F.2d at 1566). Considering the relief sought in the two courts is most important when the Court of Claims is limited in its authority to grant relief to the party asserting the claim. *Loveladies*, 27 F.3d at 1550.

12. For the Court of Federal Claims to be precluded from hearing a claim under Section 1500, the claim pending in another court must arise from the same operative facts and must seek the same relief. *Loveladies*, 27 F.3d at 1551. In *Loveladies*, the court noted, "we know of no case arising from the same operative facts in which Section 1500 has been held to bar jurisdiction over a claim praying for relief distinctly different from that sought in pending proceeding." *Id.* A showing that the two facts arose from the same operative facts is not sufficient to divest the Court of Federal Claims of jurisdiction. *Id.* at 1552.

13. A comparison of the claims filed by the Tribe in the District Court and the Court of Federal Claims shows the Tribe filed distinctly different claims in the two Courts. The pleadings in this case resemble those described by the Court in *Loveladies*. The pleadings are the same in some respects and both ask the courts to reach certain conclusions. However, the District Court Complaint asserts jurisdiction under different statutory grounds than that of the Court of Federal Claims Complaint. The Complaint in the Court of Federal Claims has four claims against the U.S. while the Complaint in the District Court has only two claims. Most importantly, the Tribe seeks equitable relief relating to the accounting of the Tribe's tribal trust funds in the District Court. No monetary relief is sought in the District Court. The Tribe seeks monetary relief in the Court of Federal Claims resulting from the United States' breaches of its fiduciary duties as trustee of tribal trust funds. The claims in the two courts request distinctly different relief. This case meets the criteria as described in *Johns-Manville* and *Loveladies* as a case which presents a plaintiff "who seek[s] distinctly different types of relief in the two courts." *Loveladies*, 27 F.3d at 1554 (citing *Keene*, 508 U.S. at 216).

14. Section 1500 was enacted to preclude duplicative lawsuits in two different forums. The Tribe has not brought duplicative claims in the District Court and the Court of Federal Claims but has been forced to seek complementary relief in both forums because of the jurisdictional limitations imposed on the two Courts. The Tribe has sought complete relief in this Court as entitled under the Constitution and U.S. Statutes to ensure they receive damages for the breaches of fiduciary duties by the United States as trustee of the Tribe's tribal trust funds. Conversely, the Tribe has sought relief in the District Court to ensure a proper accounting of the Tribe's tribal trust funds. The claims asserted in both the District Court and Court of Federal Claims are distinctly different though involving similar operative facts. Section 1500 does not divest the Court of Federal Claims of jurisdiction as these two claims are not the same claims as required under the language of the statute. Accordingly, the Tribe respectfully requests that this Court not dismiss the instant case.

s/ Kennis M. Bellmard, II
Kennis M. Bellmard II, OBA #13965
Counsel of Record
Timothy Larason, OBA #5239
Michael D. McMahan, OBA #17314
Sandra Benischek Harrison, OBA #18647
Of Counsel
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Fax: (405) 235-8786
www.andrewsdavis.com

ATTORNEYS FOR PLAINTIFF
MIAMI TRIBE OF OKLAHOMA

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, I electronically transmitted the attached document to the Clerk of U.S. Court of Federal Claims using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Martin J. LaLonde and Anthony P. Hoang
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

s/ Kennis M. Bellmard

197657.3