IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE MIAMI TRIBE OF OKLAHOMA, Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | Case No. 06-cv-00939L<br>Judge Emily C. Hewitt |

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT**

Defendant United States of America hereby submits the following Answer to the Complaint. Defendant specifically denies each and every allegation of the Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1. The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

**II. "PARTIES"**

2. Defendant admits that the Miami Tribe of Oklahoma ("Miami Tribe") is a federally-recognized Indian tribe. The remaining allegations in the paragraph are characterizations and conclusions of law to which no response is required.

3. Defendant admits that the United States carries out certain of its legal responsibilities for the Miami Tribe through the Secretary of the Interior, the Secretary of the Treasury, and the Special Trustee for American Indians. The remaining allegations in the paragraph are characterizations and conclusions of law to which no response is required.

a. Defendant admits that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain legal responsibilities for the Miami Tribe through the Secretary of the Interior. Defendant denies that Dirk Kempthorne or the Secretary of the Interior is a "defendant" or "party" in this lawsuit. The remaining allegations in Paragraph 3.a. are Plaintiff's characterizations of service of process and conclusions of law to which no response is required.

b. Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians; that he is appointed by the President of the United States with the advice and consent of the Senate; and that the United States carries out certain legal responsibilities for the Miami Tribe (such as some of those specified in the American Indian Trust Fund Management Reform Act, 25 U.S.C. §§ 4001 *et seq*.) through the Special Trustee. Defendant denies that Ross Swimmer or the Special Trustee for American Indians is a "defendant" or "party" in this lawsuit. The remaining allegations in Paragraph 3.b. are Plaintiff's characterizations of service of process and conclusions of law to which no response is required.

c. Defendant admits that Henry M. Paulson is the Secretary of the Treasury. Defendant denies that Henry M. Paulson or the Secretary of the Treasury is a "defendant" or "party" in this lawsuit. The remaining allegations in Paragraph 3.c. are Plaintiff's characterizations of service of process and conclusions of law to which no response is required.

## III. "JURISDICTION"

4. Paragraph 4 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

5. Paragraph 5 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decision speak for themselves and are the best evidence of their contents.

6. Paragraph 6 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

## IV. "FACTUAL BACKGROUND"

7. As to the allegations in the first sentence of Paragraph 7, Defendant admits that the Miami Tribe occupies land within its former reservation boundaries in the vicinity of Ottawa County, Oklahoma and that the United States holds approximately 149.88 acres of land in trust for the benefit of the Tribe. With regard to the allegation referring to "natural resources, including valuable oil, gas, water and other mineral reserves attributable to its former reservations in Oklahoma and elsewhere," the allegation is vague and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding the vagueness and ambiguity of the phrase, Defendant admits that Plaintiff is the beneficial owner of lands and associated natural resources and that Defendant holds title to those lands in trust for the benefit of Plaintiff. The allegations in the second sentence of Paragraph 7 consist of Plaintiff's own definition of how it will use the term "Trust Funds" in its Complaint, to which no response is required.

8. Paragraph 8 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

9. Paragraph 9 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The statutes and unspecified "other federal laws" speak for themselves and are the best evidence of their contents.

10. As to the allegations contained in the first sentence of Paragraph 10, Defendant admits that it entered into treaties and settlements related to the Tribe's lands or resources but is presently without information or knowledge sufficient to form a belief as to whether it has entered into contractual agreements related to the Tribe's lands or other resources. Further, the phrase "other valuable resources" in the first sentence of Paragraph 10 is vague and ambiguous such that Defendant is unable to formulate a response thereto. The remaining allegations of Paragraph 10 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The unspecified treaties, settlements, and other contractual agreements speak for themselves and are the best evidence of their contents.

11. As to the allegations in the first sentence of Paragraph 11, the phrase "control and management" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding the vagueness and ambiguity, Defendant denies that the Secretary of the Interior has assumed exclusive control and management over the trust property of the Plaintiff. Defendant avers that Plaintiff shares (and has shared) control and management responsibilities over such trust property and that the extent of Defendant's control and management responsibility is set forth in various statutes and regulations respecting tribal property held in trust. As to the second and third sentences of Paragraph 11, the allegations are broad and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding the breadth and ambiguity of the allegations contained in the second sentence

of Paragraph 11, Defendant admits that, with the advice and consent of Plaintiff, it has authorized uses to be made of trust lands for such terms and purposes as have jointly been approved by Plaintiff and Defendant. Notwithstanding the breadth and ambiguity of the allegations contained in the third sentence of Paragraph 11, Defendant denies that, since in or about 1976, it has conveyed the title to certain of the Tribe's lands to third parties or approved the use of certain Trust Property of the Tribe for Federal purposes, and states it presently is without knowledge or information sufficient to form a belief as to whether it conveyed the title to any of the Tribe's lands to third parties or approved the use of certain Trust Property of the Tribe for Federal purposes prior to 1976. The allegations contained in the fourth sentence of Paragraph 11 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

12. As to the allegations in Paragraph 12, Defendant admits that it shares with Plaintiff certain responsibilities for funds that Defendant collects in accordance with applicable laws, statutes and regulations. Defendant denies that it has assumed responsibilities other than those set forth in treaties, statutes or regulations. Further, Defendant avers that Plaintiff shares control and management of such trust assets and that the respective extents of Plaintiff's and of Defendant's control and management of such trust assets also are set forth in the provisions of, and the regulations implementing, statutes respecting tribal assets held in trust. The remaining allegations of Paragraph 12 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

13. The allegations of Paragraph 13 consist of Plaintiff's characterizations and conclusions of law pertaining to United States v. Mitchell, 463 U.S. 206 (1983), and Cobell v.

Norton, 240 F. 3d 1081 (D.C. Cir. 2001), to which no response is required. The cited opinions provide the complete statement of their contents and speak for themselves.

14. The allegations of Paragraph 14 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

15. The allegations of Paragraph 15 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

16. The allegations of Paragraph 16 contain Plaintiff's characterizations and conclusions of law pertaining to 25 U.S.C. § 2, United States v. Mitchell, 463 U.S. 206, 255 (1983) and Cobell v. Norton, 240 F. 3d 1081, 1081 (D.C. Cir. 2001) to which no response is required. The cited statute and judicial opinions provide the complete statement of their contents and speak for themselves.

17. The allegations contained in Paragraph 17 consist of Plaintiff's legal conclusions and characterization of and quotations from the document entitled Misplaced Trust: The Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong.2d.Sess. (1992), to which no response is required. The cited Congressional report speaks for itself and is the best evidence of its contents.

18. The allegations of Paragraph 18 consist of Plaintiff's conclusions of law and characterizations of a congressional report to which no response is required, as that document speaks for itself and is the best evidence of its contents.

19. The allegations of Paragraph 19 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

20. Defendant admits the allegations contained in the first sentence of Paragraph 20.

The remaining allegations of Paragraph 20 consist of Plaintiff's characterizations and conclusions of law pertaining to the American Indian Trust Fund Management Reform Act, 25 U.S.C. §§ 4001-61, to which no response is required. Defendant respectfully refers the Court to the cited Act for a full and complete statement of its contents.

21. The allegations of Paragraph 21 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

22. The allegations of Paragraph 22 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

23. The allegations in Paragraph 23 consist of Plaintiff's characterizations of Congress' intent and conclusions of law to which no response is required. The cited Acts of Congress speak for themselves and are the best evidence of their contents.

24. The allegations in Paragraph 24 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited acts speak for themselves and are the best evidence of their contents.

**COUNT I**

25. In response to the allegations of Paragraph 25, Defendant incorporates herein by this reference all of its admissions, denials and averments to Paragraphs 1-24 of the Complaint.

26. As to the allegations contained in the first sentence of Paragraph 26, the Defendant admits that there are regulations in place that concern the management of tribal land held in trust by Defendant. Defendant denies that it has assumed exclusive control over the management of the Tribe's land held in trust by Defendant. Defendant avers that the respective extents of Plaintiff's and of Defendant's control over the management of such trust property are set forth in

the provisions of and the regulations implementing statutes respecting tribal property held in trust. As to the allegations contained in the second sentence of Paragraph 26, to the extent there were any easements, rights of way, and leases, Defendant denies that it assumed exclusive control over the negotiation of those easements, rights of way, and leases. Defendant further avers that the respective extents of Plaintiff's and of Defendant's control over the management and negotiation of such easements, rights of way, and leases also are set forth in various statutes and regulations respecting tribal property held in trust.

27. The allegations contained in Paragraph 27 are not pled with sufficient particularity for Defendant to formulate a response thereto. To the extent that a response is required, as to the allegations contained in the first sentence of Paragraph 27, Defendant admits that the United States, through the Department of the Interior, has approved leases of Plaintiff's lands held in trust for agricultural purposes. Defendant denies that, since in or about 1976, it has entered into any easements and rights of way for the utilization of Plaintiff's resources held in trust, and states it presently is without knowledge or information sufficient to form a belief as to whether it entered into such easements and rights of way prior to that period. Defendant further avers that it is not in exclusive control of the tribal lands and that the Plaintiff shares control over the management of those lands. The allegations contained in the second and third sentences of Paragraph 27 constitute Plaintiff's characterizations and conclusions of law or of the terms of leases, easements and rights of way, to which no response is required.

28. The allegations contained in Paragraph 28 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

29. The allegations of Paragraph 29 consist of Plaintiff's characterizations and

conclusions of law and of the relief it requests to which no response is required.

**COUNT 1I**

30. In response to the allegations of Paragraph 30, Defendant incorporates herein by this reference all of its admissions, denials and averments to Paragraphs 1-29 of the Complaint.

31. As to the allegations contained in the first sentence of paragraph 31, Defendant avers that the term "general tribal funds" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant admits that the United States has held in trust certain proceeds from leases and other tribal funds and avers that the extent of its control over the management and investment of funds held in trust for the benefit of Plaintiff is set forth in statutes respecting funds held in trust. The allegations contained in the remainder of Paragraph 31 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes, unspecified "applicable regulations," and judicial opinion speak for themselves and provide the best evidence of their contents.

32. The allegations of Paragraph 32 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

33. The allegations of Paragraph 33 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited judicial opinion speaks for itself and is the best evidence of its contents.

34. The allegations of Paragraph 34 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

**COUNT III**

35. In response to the allegations of Paragraph 35, Defendant incorporates here by this

reference all of its admissions, denials and averments to Paragraphs 1-34 of the Complaint.

36. As to the allegations contained in the first sentence of Paragraph 36, Defendant admits that it has held in trust certain monies derived from judgments entered on claims Plaintiff has brought against the United States. As to the allegations contained in the second sentence of Paragraph 36, Defendant admits that there are statutes and regulations in place that concern the management, distribution, and investment of judgment funds and that the United States has managed, invested, and distributed such funds in accordance with applicable laws. The allegations contained in the last sentence of Paragraph 36 consist of Plaintiff's characterization of Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States, 69 Fed. Cl. 639, 656 (2006), and legal conclusions to which no response is required. The cited judicial opinion speaks for itself and is the best evidence of its contents.

37. The allegations of Paragraph 37 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

38. The allegations of Paragraph 38 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

**COUNT IV**

39. In response to the allegations of Paragraph 39, Defendant incorporates here by this reference all of its admissions, denials and averments to Paragraphs 1-38 of the Complaint.

40. The allegations of Paragraph 40 consist of Plaintiff's characterizations and conclusions of law and of the relief that it requests to which no response is required.

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.

**AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to, Miami Tribe of Oklahoma et. al. V. United States, 175 F. Supp. 926 (1959), Miami Tribe of Oklahoma v. United States, 20 Ind. Cl. Comm. 236 (1969), Miami Tribe of Oklahoma v. United States, 22 Ind. Cl. Comm. 92 (1963), those claims are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction pursuant to 28 U.S.C. § 1500, among other provisions.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 30th day of March, 2007.

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice

Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

CANDACE N. BECK
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227