IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MIAMI TRIBE OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 06-cv-939<br>Judge Emily C. Hewitt<br><br>**Electronically filed: 04/20/07** |

**DEFENDANT'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE**

## I. INTRODUCTION

On March 7, 2007, this Court ordered the Plaintiff Miami Tribe of Oklahoma to show cause why its "case should remain before the United States Court of Federal Claims ("CFC") in light of 28 U.S.C. § 1500 (2000) and governing precedent." *See* Docket # 11. On March 28, 2007, Plaintiff filed a brief in support of its argument that 28 U.S.C. § 1500 does not preclude this Court's jurisdiction over its case.

Plaintiff's interpretation of 28 U.S.C. § 1500 is at odds with the well-established rule of law that the United States cannot be compelled to defend against the same claim brought in multiple fora. At bottom, Plaintiff's Complaint filed in the United States District Court on the same day as its CFC Complaint demands an accounting of its trust funds and assets *and* an order for an award of appropriate monetary relief derived therefrom. The Plaintiff's Complaint pending before this Court seeks monetary damages arising out of the same operative facts asserted in the District Court action. Congress has expressly deprived this Court of jurisdiction to entertain a case containing claims that are duplicative of those in a pending case, and as such 28 U.S.C. § 1500 requires this Court to dismiss Plaintiff's case.

## II. FACTUAL BACKGROUND

On December 29, 2006, Plaintiff filed a complaint in the United States District Court for the Northern District of Oklahoma (the "District Court Complaint") against the Secretaries of the United States Departments of the Interior and the Treasury, as well as against the Special Trustee, Office of Special Trustee for American Indians. *See* District Court Complaint attached as Exhibit (Exh.) 1 hereto. The District Court Complaint seeks declaratory, injunctive and monetary relief based upon the Defendants' alleged breach of fiduciary duties. *See* Exh. 1 ¶ 6, 29-39. Specifically, the District Court Complaint alleges that:

> "the Tribe is entitled to a monetary judgment in favor of the Tribe in such amount that may be shown by the accounting requested herein for the amount owed by Defendants. The amount due to the Tribe from Defendants is anticipated to be an amount in excess of Seventy-Five Thousand Dollars ($75,000)."

Exh. 1 ¶ 39; Prayer for Relief ¶ 5.

On the same day (December 29, 2006), Plaintiff lodged a nearly identical complaint with this Court (the "Initial CFC Complaint"). Docket # 1. As with the District Court Complaint, the Initial CFC Complaint sought declaratory, injunctive and monetary relief based upon the Defendant's alleged breach of fiduciary duties. *See id.* ¶¶ 4, 27-37. The Initial CFC Complaint alleged that "[t]he Tribe is entitled to a monetary judgment in favor of the Tribe in such amount that may be shown by the accounting requested herein for the amount owed by the Defendant. The amount due to the Tribe from the Defendant is anticipated to be an amount in excess of Ten Thousand Dollars ($10,000)." *See id.* ¶ 37. Plaintiff sought a monetary judgment of no less than Ten Thousand Dollars ($10,000). *See id.*, Prayer for Relief ¶ 5.

On March 16, 2007 Plaintiff filed an Amended Complaint in this Court (the "Amended CFC Complaint"). Docket # 13. The Amended CFC Complaint alleges that it is an action "for money

damages and other relief against the United States for breaches of statutory, regulatory, and fiduciary duties by the United States. . ." *Id*. ¶ 1. The Amended CFC Complaint seeks monetary damages arising out of the Defendant's purported breaches of fiduciary duties. *See Id*. ¶¶ 29, 34, 38, 40. The District Court Complaint has not been amended.

## III. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1500

Section 1500 of Title 28 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting, or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The purpose of the Statute was to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992).

Section 1500 forbids a plaintiff from filing a claim against the United States that is already pending in another court. A claim is pending in another court if it was filed earlier, or simultaneous with, the claim asserted in the Court of Federal Claims. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Analyzing whether claims are the same or distinctively different "'requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" *Id*. at 1329 (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994)). Such a comparison involves evaluating the Complaints filed in each Court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints). This Court has consistently defined the term "claim" for purposes of a Section 1500 analysis to turn on operative facts, rather than legal theories.

*See British American Tobacco Co. v. United States*, 89 Ct. Cl. 438, 440 (1939); *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F.Supp. 236, 238 (Ct. Cl. 1957); *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988).

Thus "[f]or the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief . . . [A] showing that the two claims arose from the same 'operative facts' is necessary, but not sufficient, to preclude the Court of Federal Claims from hearing a case. To come within the proscription of § 1500, the claims must also seek the same relief." *Loveladies*, 27 F.3d . 1551-52. Further, the operative facts pleaded need not be identical. *Id.* It is sufficient that they are substantially the same. *Id*. (citing *Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993)). Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. *Harbuck*, 378 F.3d at 1329. The relief must be merely the same in nature: monetary, injunctive, or declaratory. It is enough that there is some overlap in the relief requested. *Id*.

The Court should dismiss Plaintiff's amended CFC Complaint because the three essential elements for Section 1500 dismissal are met: (1) the District Court case was pending when the CFC Complaint was filed; (2) the District Court and CFC Complaints involve similar operative facts; and (3) Plaintiff is seeking overlapping monetary relief in both courts.

**A. Plaintiff's District Court Complaint was Pending When it Filed its CFC Complaint**

The record before this Court demonstrates that the District Court Complaint and the Initial CFC Complaint were filed on the same day, December 29, 2006. Plaintiff bears the burden of establishing jurisdiction, *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), which burden would include, in the context of 28 U.S.C. § 1500, establishing that the District Court case was not pending at the time Plaintiff filed its CFC Complaint. Thus, to the extent that Plaintiff cannot

definitively establish the sequence of the filings on December 29, 2006,[1] the Court should treat the Complaints as having been filed simultaneously, and should dismiss this case for lack of jurisdiction under 28 U.S.C. § 1500 if the other elements of Section 1500 are met. *See Harbuck*, 378 F.3d at 1328.

Even if Plaintiff were able to show that the Initial CFC Complaint was filed after the District Court Complaint, in the circumstances of this case, the Court should decline to consider the exact timing of the filing of the Complaints on December 29, 2006, and should, instead, treat the Complaints as having been filed simultaneously. Here, the Court must compare the timing of the filing of the District Court case and the Amended CFC Complaint, not the Initial CFC Complaint. When Plaintiff filed its Amended CFC Complaint on March 16, 2007, the Amended Complaint related "back to the *date* of the original pleading." RCFC 15(c) (emphasis added); *Hall v. United States*, 74 Fed. Cl. 391, 394 (2006). As RCFC 15(c) does not relate the Amended CFC Complaint back to the particular time of the filing of the Initial CFC Complaint, whether the Initial CFC Complaint was filed before or after the District Court Complaint should not matter. The Court should not grant Plaintiff the benefit of the doubt on this issue or construe the rules for relation back of amended pleadings liberally, for doing so would run contrary to the requirement that the court should narrowly construe the scope of its jurisdiction. *See Keene*, 508 U.S. at 207; *Reynolds*, 846 F.2d at 747.

For the foregoing reasons, for purposes of a Section 1500 analysis, the District Court Complaint was *pending* when the Amended CFC Complaint was filed.

**B. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts**

Plaintiff concedes that the District Court and Amended CFC Complaints arise out of "similar

---

[1] *See Breneman v. United States*, 57 Fed.Cl. 571, 576-77 (2003) (measuring pendancy of Complaints as of the *time* of filing and considering affidavit from Plaintiff to establish time of filing of Complaints).

operative facts." *See* Plf.'s Brief ¶ 14. A comparative reading of the two complaints confirms this to be the case. Both complaints rely upon essentially identical allegations, namely, that the United States as trustee, breached fiduciary duties owed to the Plaintiff by allegedly failing to properly manage Tribal trust funds and assets. *Compare* District Court Complaint ¶¶ 8-27 *with* Amended CFC Complaint ¶¶ 7-24. The facts underlying these allegations are likely to be substantially the same in both cases.

In particular, in seeking an accounting in District Court, Plaintiff is requesting judicial review of the Government's past actions related to individual financial transactions, including the contemporaneous record-keeping, or accounting of those actions. For example, in the District Court, Plaintiff alleges that the Government owed specific consideration to the Tribe under certain treaties, settlements, and other contractual agreements. District Court Complaint ¶ 11. As to the alleged consideration owed, Plaintiff claims that the Tribe "never received an accounting of: (A) how the trust funds were appropriated, (B) how many of these trust funds were invested, and (C) the resources from which the Tribe actually received the partial or full consideration provided for in [the treaties, settlements and other contractual agreements related to the Tribe's resources]." District Court Complaint ¶ 11. Plaintiff makes the same underlying allegations in its CFC Complaint related to consideration owed, and asserts that it has never received "proper recompense for the failure of the United States government to adequately exercise its fiduciary obligations relative" to the assets subject to the treaties, settlements, and other contractual agreements. Amended CFC Complaint ¶ 10. Presumably, in the CFC, the claim would be informed through discovery and an evidentiary hearing as opposed to the accounting that Plaintiff seeks in the District Court. Nevertheless, the same operative facts – how the trust funds were appropriated, how they were invested, and the resources from which the Tribe received consideration – underlie both the District Court and CFC cases.

In addition, in both the District Court and the CFC Complaints, Plaintiff asserts that the

Government "assumed the legal responsibility for the collection of fair and equitable compensation for those conveyances or uses which include, but not limited to, royalty payments, grazing fees, rents, purchase prices, and such other fees and payments as appropriate." District Court Complaint ¶ 12; CFC Amended Complaint ¶ 11. In relation to this allegation, in the District Court, Plaintiff asserts that "Defendants have failed to provide the Tribe with: (A) a clear statement of why these payments were being made, (B) what if any interest was being paid, and (C) how the federal government determined the amounts which were due and payable," District Court Complaint ¶ 18, and it seeks to remedy this alleged failure through obtaining a "complete, accurate and timely accounting," *id.* ¶ 35. In the Amended CFC Complaint, Plaintiff seeks monetary damages arising from alleged mismanagement of the Tribe's land, including related to the Government's entry of leases, easements and rights of way. Amended CFC Complaint ¶¶ 27-29. Again, the same operative facts – what collections were made and what interest was paid – underlie both the District Court and CFC Complaints.

In short, both Complaints contain identical or similar operative facts. The primary point of divergence between the two actions is Plaintiff's theory as to how the Defendants' alleged breach of duty will be exposed. The District Court Complaint seeks information as to the alleged breaches through an accounting while the Amended CFC Complaint anticipates obtaining such information by way of an evidentiary hearing as informed by the parties discovery. *See* Amended CFC Complaint ¶¶ 29, 34, 38, 40.

### C. Plaintiff's District Court and CFC Complaints Contain Overlapping Claims for Monetary Relief

The complaints in the District Court and CFC contain overlapping claims for monetary relief related to the alleged breach of fiduciary duties owed to the Plaintiff by the Government. In the District Court, Plaintiff seeks "a monetary judgment in favor of the Tribe in such amount that may be shown

by the accounting requested herein for the amount owed by Defendants." District Court Complaint ¶ 39. In the CFC, Plaintiff seeks "monetary damages for the breach of fiduciary duty by the United States in an amount as may be proven at trial. . . ." CFC Amended Complaint ¶ 34; *id.* ¶¶ 38, 40.

Defendant does not agree that the District Court has jurisdiction to award the monetary judgment that Plaintiff seeks in that Court. But the validity of Plaintiff's claim in the District Court should not be relevant to the Court's determination under Section 1500, which requires only that the same claim be pending in another court at the time the CFC action is filed. It should be for the District Court to consider Defendant's assertions that it does not have jurisdiction to award the monetary relief that Plaintiff seeks. *Cf. Forsgren v. United States*, 73 Fed.Cl. 135, 142 (2006) ("This court will not step into the shoes of the district court judge and create the fiction that the district court complaint is 'deemed' dismissed.").

Further, Plaintiff's suggestion that its inclusion of claims for declaratory and injunctive relief in the District Court Complaint somehow save it from a 28 U.S.C. § 1500 challenge is without merit. *See* Plf.'s Brief ¶ 3. So long as the complaints contain some overlap in the relief requested, 28 U.S.C. § 1500 is implicated. *See Harbuck*, 378 F.3d at 1329 (citing *Keene Corp.*, 508 U.S. at 212).[2]

Finally, despite it's argument to the contrary, Plaintiff's pleadings *do not* resemble those described by the Federal Circuit in *Loveladies*. *See* Plf.'s Brief ¶ 13. In *Loveladies*, the plaintiff corporation, owners of a wetlands property tract, brought suit in the district court against the Army Corps of Engineers (the "Corps") challenging its denial of a fill permit pursuant to § 404 of the Clean

---

[2] Plaintiff's proposition that 28 U.S.C. § 1500 is not applicable to situations where the same claim is asserted in more than one court on differing jurisdictional bases is unpersuasive. See Plf.'s Brief ¶¶ 2, 13. "Claims are the same where they arise from the same operative facts even if the operative facts support legal theories which cannot all be brought in one court." *Loveladies*, 27 F.3d at 1550 (quoting *Johns-Manville Corp.*, 855 F.2d at 1557.

Water Act. *Loveladies*, 27 F.3d at 1547. The plaintiff's complaint also sought a declaration that the Corps' denial of the permit application constituted a taking in violation of the Fifth Amendment. *Id*. The plaintiff's subsequent suit in the Court of Federal Claims alleged a "taking" of its property had occurred and sought monetary relief in the form of just compensation. *Id.*, 27 F.3d at 1554. The Federal Circuit held that, although the plaintiff's claims arose from the same "operative facts," Section 1500's jurisdictional bar was not implicated because the complaints sought distinctively different types of relief from the two courts; the district court action sought equitable relief, while the Court of Federal Claims case sought monetary relief. *Id.*, at 1551-1552, 1554; *Harbuck*, 378 F.3d at 1329. Significantly, the Court noted that a prayer for monetary relief was altogether "missing from the complaint in the district court." *Loveladies*, 27 F.3d at 1553; *see also Casman v. United States*, 135 Ct. Cl. 647 (1956) (distinguishing former employee's claim for equitable injunctive relief in the form of reinstatement to employment, from claim seeking monetary relief for back pay).

Unlike the district court plaintiffs in *Loveladies* and *Casman*, the Plaintiff here demands injunctive relief in the form of a court-ordered accounting, *plus* an order for monetary relief of at least Seventy-Five Thousand Dollars ($75,000). *See* Exh. 1 ¶ 39; Prayer for Relief ¶ 5. It is apparent from reading Plaintiff's pleadings that it has similar claims for money based on the same set of facts, and that it seeks a money judgment in both the district court and the Court of Federal Claims. *See British American*, 89 Ct. Cl. at 440. Congress explicitly deprived this Court of jurisdiction over these types of cases when it enacted 28 U.S.C. § 1500. *See Johns-Manville*, 855 F.2d at 1565.

## IV.CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Amended CFC Complaint

pursuant to 28 U.S.C. § 1500.[3]

Respectfully submitted this 20th day of April, 2007,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General

*s/ Martin J. Lalonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

CANDACE N. BECK
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

[3] In the alternative, assuming arguendo that Plaintiff's complaints seek "distinctively different types of relief" from the two courts such that its CFC case may not be dismissed under Section 1500, the fact that the cases still are based on the same operative facts provides an appropriate basis for staying the CFC case. *See Loveladies*, 27 F.3d at 1554; *Pennsylvania Railroad Co. v. United States*, 363 U.S. 202 (1960); *Northrop Corporation v. United States*, 27 Fed.Cl. 795, 804 n.5 (1993).